IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARNELL HILL,                          No C-10-0438 VRW (PR)

        Petitioner,

    v                                  ORDER TO SHOW CAUSE

R K WONG, Warden,

        Respondent.
_____/

        Petitioner, a California state prisoner incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging the December 2, 2008 decision of the California Board of Parole Hearings ("BPH") to deny him parole. Doc #1. Petitioner has paid the filing fee.

I

        According to the petition and the attachments thereto, petitioner pled guilty in Alameda County Superior Court to two counts of kidnapping for robbery and was sentenced to a term of eighteen years-to-life in state prison. Doc #1-1 at 4. His minimum

eligible parole date was December 15, 2005. Id. Petitioner filed a petition for writ of habeas corpus challenging BPH's decision to deny him parole in Alameda County Superior Court, which the court denied on June 23, 2009. Doc #1-4 at 12-15. The California Supreme Court denied his petition for review on October 22, 2009. Id at 17. The instant federal petition followed.

II

Petitioner seeks federal habeas corpus relief due to BPH's failure to grant him parole at his December 2, 2008 parole suitability hearing on the ground that the decision is not supported by some evidence demonstrating his future dangerousness and that he poses a current threat to public safety. Liberally construed, petitioner's claim appears colorable under the law and merits an answer from respondent. See <u>Hayward v Marshall</u>, No 06-55392, 2010 WL 1664977 at **10-11 (9th Cir Apr 22, 2010) (en banc) (finding cognizable on federal habeas review claims that California parole denials were made without some evidence of future dangerousness).

III

For the foregoing reasons and for good cause shown,

1.  The clerk is directed to serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also is directed to serve a copy of this order on petitioner.

2.  Respondent must file with the court and serve on

2

petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent must file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer.

3.  In lieu of an answer, respondent may file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must file with the court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and respondent must file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition.

*//*
*//*
*//*
*//*
*//*
*//*
*//*
*//*

4.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner also must keep the court and all parties informed of any change of address.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

`G:\PRO-SE\VRW\HC.10\Hill-10-438-osc-bph-post-hayward.wpd`

**4**