IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL HILL, | No. C 10-0438 JW (PR) |
| Petitioner, | |
| vs. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| R. K. WONG, Warden, | |
| Respondent. | |

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he claimed that a decision by the Board of Parole Hearings finding him not suitable for parole violated his right to due process because it was not supported by sufficient evidence. Doc. #1. Respondent has filed an answer and Petitioner has filed a traverse. Doc. ## 4 & 5.

The United States Supreme Court recently made clear that in the context of a federal habeas challenge to the denial of parole, a prisoner subject to a parole statute similar to California's receives adequate process when BPH allows him an opportunity to be heard and provides him with a statement of the reasons why parole was denied. Swarthout v. Cooke, 131 S.Ct. 859, 862–63 (2011) (per curiam). Here, the record shows Petitioner received at least this amount of process. See Doc. ## 1-

1, 1-2 & 1-3 at 1–27.  The Constitution does not require more.  Swarthout, 131 S.Ct. at 862.

The Court also made clear that whether BPH's decision was supported by some evidence of current dangerousness is irrelevant in federal habeas: "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."  Swarthout, 131 S.Ct. at 863.  Accordingly, the instant federal petition for a writ of habeas corpus is DENIED.

Further, a certificate of appealability is DENIED.  See Rule 11(a) of the Rules Governing Section 2254 Cases.  Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may not appeal the denial of a certificate of appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.  See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED:   March 16, 2011

JAMES WARE
United States District Chief Judge

N:\Pro - Se & Death Penalty\March 2011\10-0438_Hill-10-438-bph-deny-post-cooke.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DARNELL HILL,

        Plaintiff,

  v.

R.K. WONG et al,

        Defendant.

Case Number: CV10-00438 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darnell Hill H-45343
San Quentin State Prison
4N-75-UP
San Quentin, CA 94974

Dated: March 18, 2011

                                              Richard W. Wieking, Clerk
                                              /s/ By: Elizabeth Garcia, Deputy Clerk